COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     Eugenia Woodard v. Texas Department of Insurance, Division of Workers' Compensation, CAPPS Electric Company, and Texas Mutual Insurance Company

Appellate case number:   01-22-00761-CV

Trial court case number: 2022-15901

Trial court:             157th District Court of Harris County

On October 17, 2022, appellant, Eugenia Woodard, proceeding pro se, filed a notice of appeal from the trial court's October 5, 2022 "Order Granting Amended Plea to the Jurisdiction and Motion to Strike" filed by appellee, the Texas Department of Insurance, Division of Workers' Compensation. The appellate record was due to be filed by December 5, 2022. *See* TEX. R. APP. P. 35.1. Despite that the appellate record was not complete, on December 5, 2022, appellant prematurely filed her brief with the Court. *See* TEX. R. APP. P. 38.6(a) (appellant's brief due within thirty days of date appellate record completed).

Because appellant's December 5, 2022 brief was prematurely filed, the Clerk of this Court accepted appellant's brief as "received." Further, because the appellate record was not yet completed at the time appellant filed her brief, the brief does not contain any "record references" or "a clear and concise argument for the contentions made, with appropriate citations to authorities and the record." TEX. R. APP. P. 38.1(d), (g), (i). Accordingly, the Court **strikes** the December 5, 2022 brief filed by appellant.

The clerk's record was then filed with the Clerk of this Court on December 6, 2022. On December 9, 2022, the official court reporter for the 157th District Court of Harris County notified the Clerk of this Court that there was no reporter's record for this case. Accordingly, the deadline for appellant's brief could then be determined, and was due no later than January 11, 2023. *See* TEX. R. APP. P. 38.6(a).

On January 3, 2023, appellant filed a motion with the Court, acknowledging that her December 5, 2022 brief was filed "premature[ly] . . . without [the appellate] record." Appellant therefore requested an extension of time to for filing her brief because the record

had now been completed.  On January 4, 2023, the Court granted appellant's motion and set her deadline for filing her appellant's brief as **February 10, 2023**.

Further, Texas Mutual Insurance Company, which states it is an appellee in this appeal, has filed a "First Motion to Extend Time to File Brief," requesting an extension of its deadline to file a brief.  As noted above, the deadline for appellant to file her brief has been extended by the Court to February 10, 2023.  Accordingly, no deadline has no deadline for appellee's brief has been determined.  *See* TEX. R. APP. P. 38.6(b).

Accordingly, Texas Mutual Insurance Company's motion for extension of time to file its appellee's brief is **dismissed as moot**.  **Any appellee which files a brief must do so no later than thirty days from the filing of appellant's brief**.  *See* TEX. R. APP. P. 38.6(b).

Appellant has also filed a Statement of Inability to Afford Payment of Court Costs or an Appeal Bond and has requested that she be permitted to proceed on appeal without payment of costs.  As noted above, the clerk's record was filed with this Court on December 6, 2022.  Based on the Court's records, the clerk's record was filed at no cost to appellant.  The clerk's record also incudes a statement of inability to afford payment of court costs, filed with the trial court on March 16, 2022.  *See* TEX. R. CIV. P. 145(a), (b), (d); *see also* TEX. R. CIV. P. 502.3.  Further, the appellate record does not reflect that any motion to require appellant to pay costs or any contest to appellant's filed statement of inability to afford payment of court costs has been filed by any party.  *See* TEX. R. CIV. P. 145(f); TEX. R. APP. P. 20.1(b).

**Accordingly, the Clerk of this Court is directed to make an entry in this Court's records that appellant is allowed to proceed on appeal without payment of costs.**  *See* TEX. R. CIV. P. 145(a); TEX. R. APP. P. 20.1.

It is so ORDERED.

Judge's signature:  _____/s/ April Farris_____
                            ☑ Acting individually     ☐ Acting for the Court

Date:  ____January 19, 2023_____